# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

AARON NELSON, a/k/a Detroit,
  *Defendant-Appellant.*

No. 03-4116

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-02-141)

Submitted: October 23, 2003

Decided: October 30, 2003

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Jason D. Parmer, PARMER LAW OFFICE, Hinton, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Aaron Nelson pled guilty to distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a) (2000), 18 U.S.C. § 2 (2000). Nelson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues, but asserting that, in his view, there are no meritorious issues for appeal. Nelson has been informed of his right to file a pro se supplemental brief but has not filed a brief. We affirm the conviction and sentence.

Nelson sold crack to an undercover officer on two occasions and was held accountable for sentencing purposes for both amounts of crack. On the second occasion, he obtained the crack from co-defendant Charles Cunningham, Jr., who was engaged in an extensive drug conspiracy with another co-defendant, Tony Stallings. Because there was no direct evidence that Nelson was aware of the scope of their conspiracy, the district court attributed to Nelson only the quantities of crack he sold to the officer. The court determined that Nelson was not entitled to a minor or minimal role adjustment. *U.S. Sentencing Guidelines Manual* § 3B1.2 (2002).

Nelson concedes that he was fully involved in the two transactions that constituted his relevant conduct, but argues that the adjustment applied because he was minimally involved in the conspiracy. We disagree. *See United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992) (drug seller in drug conspiracy has more than minor role). Moreover, under the facts of this case, we discern no conflict between *United States v. Daughtrey*, 874 F.2d 213, 216 (4th Cir. 1989) (stating standard of review), and Amendment 635 to USSG § 3B1.2 (stating that defendant who performs limited function in criminal activity and is held responsible only his own conduct may be considered for mitigating role adjustment).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*